1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                       FOR THE DISTRICT OF ARIZONA

10

11  Esteban Juan Price,                     )
                                            )
12            Petitioner,                    )          CV-11-47-TUC-CKJ (JCG)
                                            )
13  vs.                                      )     **REPORT & RECOMMENDATION**
                                            )
14                                           )
    Charles L. Ryan, et al.,                 )
15                                           )
              Respondents.                   )
16                                           )
                                            )
17  _____)

18        Petitioner, Esteban Juan Price, who is presently confined in the Gila Unit of the

19  Arizona State Prison Complex in Douglas, Arizona, has filed a Petition for Writ of Habeas

20  Corpus pursuant to 28 U.S.C. § 2254. Before the Court are the Petition for Writ of Habeas

21  Corpus ("Petition") (Doc. No. 1) and Respondents' Answer ("Answer"). (Doc. No. 9.)   No

22  Reply was filed.  Pursuant to the Rules of Practice of this Court, this matter was referred to

23  Magistrate Judge Guerin for Report and Recommendation.   The Magistrate Judge

24  recommends that the District Court deny the Petition.

25

26                 **FACTUAL AND PROCEDURAL BACKGROUND**

27        According to the Arizona Court of Appeals, the facts giving rise to Petitioner's

28

1    conviction are as follows:[1] On August 22, 2008, while driving his vehicle, Petitioner had an

2    altercation with passengers in a nearby car.   Petitioner followed the vehicle into a parking

3    lot, where he beat one of the occupants of the vehicle with a revolver and took the victim's

4    gold chain necklace.  The passenger in Petitioner's vehicle brandished a shotgun during the

5    attack.  Petitioner and his passenger then fled to a nearby apartment complex, where they

6    were later arrested.  Police later discovered Petitioner's vehicle with a revolver and shotgun

7    inside.  Petitioner told police that he had loaned his vehicle to two other individuals earlier

8    in the day.  (Answer, Ex. A.)

9          Following a jury trial, Petitioner was convicted on three counts of aggravated assault

10   and sentenced to concurrent, presumptive, 7.5-year prison terms for each count.  (*Id*.)

11   Petitioner appealed his conviction, arguing: (1) the trial court erred in permitting the state to

12   introduce a photograph into evidence in violation of Petitioner's rights to timely disclosure

13   and in violation of the Arizona Rules of Evidence; (2) the trial court erred in permitting

14   hearsay statements to be admitted at trial in violation of Petitioner's Constitutional right to

15   confront his accusers; and (3) the trial court improperly imposed a $20 time payment fee.

16   The Court of Appeals affirmed Petitioner's convictions for aggravated assault, vacated the

17   time payment fee and affirmed Petitioner's sentences as modified.  (Answer, Ex. A.)

18   Petitioner did not petition for review.  (Answer, Ex. B.)

19         On August 9, 2010, Petitioner filed a Petition for Post-Conviction Relief pursuant to

20   Rule 32, Ariz. R. Crim. P.  ("Rule 32 Petition") in which he argued that he received

21   ineffective assistance of counsel when his trial counsel (a) failed to interview a potential

22   witness and (b) failed to object to the court's denial of Petitioner's motion for mistrial.[2]

23

24         [1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a state

25   court shall be presumed to be correct."

26         [2]Respondents failed to include Petitioner's post-conviction relief proceedings in the
     Procedural Background Section of their Answer although the post-conviction filings are attached

27   as Exhibits and discussed generally in the Timeliness Section.

28

1   (Answer, Ex. F.)  The trial court denied Petitioner's Rule 32 Petition on December 3, 2010.

2   (Answer, Ex.  D.)  Petitioner did not file a petition for review.

3         On January 18, 2011, Petitioner filed the instant habeas petition, in which he raises

4   four claims:

5         **Ground 1:** The trial court erred in permitting the state to introduce a photograph into

6   evidence in violation of Petitioner's rights to timely disclosure and in violation of the

7   Arizona Rules of Evidence.

8         **Ground 2:** The trial court erred in permitting hearsay statements to be admitted at

9   trial in violation of Petitioner's Constitutional right to confront his accusers.

10        **Ground 3:** Petitioner received ineffective assistance of counsel when trial counsel:

11  (a) failed to interview a potential witness; (b) failed to object to the court's denial of

12  Petitioner's motion for mistrial; and (c) failed to bring forward evidence of innocence.

13        **Ground 4:** Petitioner was denied due process when the trial court failed to grant his

14  motion to dismiss or to remand the indictment to the grand jury.

15  **DISCUSSION**

16        The Magistrate Judge recommends that the Petition be denied.  Ground 1 fails to state

17  a cognizable claim.  Grounds 3 and 4 are not exhausted.  Ground 2 is without merit.

18  **A.**      **Non-Cognizable Claim**

19        In Ground 1, Petitioner claims that the trial court erred in permitting the state to

20  introduce a photograph into evidence in violation of Petitioner's rights to timely disclosure

21  and in violation of the Rules of Evidence. Petitioner does not assert a violation of federal law

22  with respect to Ground 1.  Because 28 U.S.C. § 2254 permits the Court to entertain a Petition

23  for Writ of Habeas Corpus "only on the ground that he is in custody in violation of the

24

25

26

27

28

1  Constitution or laws or treaties of the United States," and because Ground 1 alleges only a

2  violation of Arizona law, Ground 1 fails to state a cognizable claim.[3]

3  **B.     Exhaustion**

4       **i.      Legal Standard**

5       Ordinarily, before a federal court will consider the merits of a habeas petition, the

6  petitioner must exhaust the remedies available to him in state court.    28 U.S.C.

7  §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  First enunciated in *Ex parte*

8  *Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a

9  procedural hurdle on the path to federal habeas court, but to channel claims into an

10  appropriate forum, where meritorious claims may be vindicated and unfounded litigation

11  obviated before resort to federal court."  *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

12  The requirement is grounded in principles of comity, and reflects a desire to protect state

13  courts' role in the enforcement of federal law.  *Castille v. Peoples*, 489 U.S. 346, 349 (1989)

14  (citation omitted).  The requirement is also based on a pragmatic consideration that fully

15  exhausted claims will usually be accompanied by a complete factual record once they reach

16  federal court.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

17       A petitioner must exhaust his claims by fairly presenting them to the state's highest

18  court, either through a direct appeal or collateral proceedings, before a federal court will

19  consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254.  *See Rose*, 455

20  U.S. at 519.  A petitioner must have also presented his claim in a procedural context in which

21  its merits will be considered.  *See Castille*, 489 U.S. at 351.  A habeas petitioner's claims may

22

23       [3] In addition, Petitioner failed to present Ground 1 as a federal claim in his appeal, and thus
24  it is also barred on fair presentation grounds.  To properly exhaust state remedies, the petitioner must
"fairly present" his claims to the state's highest court in a procedurally appropriate manner.
25  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is "fairly presented" if the petitioner has
described the operative facts and the federal legal theory on which his claim is based so that the state
26  courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his
constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270,
27  277-78 (1971).

28
- 4 -

1  be precluded from federal review on exhaustion grounds in either of two ways.  First, a claim

2  may be procedurally defaulted in federal court if it was actually raised in state court but

3  found by that court to be defaulted on state procedural grounds.  *See Coleman v. Thompson*,

4  501 U.S. 722, 729-30 (1991).  Second, the claim may be procedurally defaulted in federal

5  court if the petitioner failed to present the claim in a necessary state court and "the court to

6  which the petitioner would be required to present his claims in order to meet the exhaustion

7  requirement would now find the claims procedurally barred."  *Id.* at 735 n.1.  If a petitioner

8  has procedurally defaulted a claim in state court, a federal court will not review the claim

9  unless the petitioner shows "cause and prejudice" for the failure to present the constitutional

10  issue to the state court, or makes a colorable showing of actual innocence.  *See Gray v.*

11  *Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray*

12  *v. Carrier*, 477 U.S. 478, 485 (1986).

13  **ii.     Petitioner failed to exhaust Grounds 3 and 4**

14  Petitioner did not present Ground 3(c) or Ground 4 in his direct appeal or his Rule 32

15  Petition.  Petitioner presented Grounds 3(a) and 3(b) in his Rule 32 Petition but did not

16  petition for review of the trial court's denial of his Rule 32 Petition.  Consequently,

17  Petitioner has not fairly presented Grounds 3 or 4 and cannot raise those claims for the first

18  time in federal court.  *See Rose*, 455 U.S. at 519 (stating that a petitioner must exhaust his

19  claims by fairly presenting them to the state's highest court, either through a direct appeal or

20  collateral proceedings, before a federal court will consider the merits of habeas corpus claims

21  pursuant to 28 U.S.C. § 2254).   Petitioner is now precluded by Arizona Rules of Criminal

22  Procedure 32.2(a)(3) and 32.4 from obtaining relief on Ground 3 or 4 in state court absent

23  an applicable exception, which Petitioner does not assert.  *See* Ariz. R. Crim. P. 32.2(b);

24  32.1(d)-(h).   Thus, Grounds 3 and 4 are technically exhausted but procedurally defaulted,

25  absent a showing of cause and prejudice or a fundamental miscarriage of justice.

26  //

27  //

28

1

2

### iii.   Petitioner has not demonstrated cause and prejudice or made a colorable showing of actual innocence.

A federal court may only grant review of a procedurally defaulted claim if petitioner makes a showing of cause and prejudice, *Netherland*, 518 U.S. at 162, or a colorable showing of actual innocence amounting to a "fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992). To establish cause for a procedural default, a petitioner must show an external impediment which rendered Petitioner unable to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the error worked to his substantial disadvantage, infecting the entire trial with constitutional error. *Carrier*, 477 U.S. at 488. If petitioner cannot meet one of the requirements, it is unnecessary for federal courts to address the other requirement. *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner may also be granted federal review if he can demonstrate a fundamental miscarriage of justice. A fundamental miscarriage of justice results when the petitioner can demonstrate that a constitutional error caused the conviction of one who is actually innocent. *Carrier*, 477 U.S. at 496.

Petitioner contends that his failure to properly exhaust his claims should be excused with respect to Ground 3 because he did not know that he needed to file a petition for review of the trial court's denial of his Rule 32 Petition in order to properly exhaust the claims raised therein.  A lack of legal knowledge is insufficient to meet the "cause" standard. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986) (finding that an illiterate pro se petitioner's complete lack of legal assistance is not cause to excuse a procedural default); *see also Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse procedural default).  Accordingly, Grounds 3 and 4 were not properly exhausted and the Court need not consider the merits of those claims.

//

- 6 -

1        **v.      Exhausted claims**

2        Petitioner properly exhausted Ground 2 by fairly presenting it in his direct appeal.

3   Accordingly, the Court will consider the merits of this claim.

4   **C.      Merits**

5        **i.      Legal Standard**

6        On habeas review, a state court's findings of fact are entitled to a presumption of

7   correctness when fairly supported by the record.  *Wainwright v. Witt*, 469 U.S. 412, 426

8   (1985).  The presumption of correctness also applies to a state appellate court's findings of

9   fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981).  The question presented in a state prisoner's

10  petition for a writ of habeas corpus is "whether the state proceedings satisfied due process."

11  *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

12       Federal courts may entertain a state prisoner's petition for habeas relief only on the

13  grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the

14  United States. *Reed v. Farley*, 512 U.S. 339 (1994).  General improprieties occurring in state

15  proceedings are cognizable only if they resulted in fundamental unfairness and consequently

16  violated the petitioner's Fourteenth Amendment right to due process.  *Estelle v. McGuire*,

17  502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine

18  state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158.  The Supreme

19  Court has held in the habeas context that "this Court will not review a question of federal law

20  decided by a state court if the decision of that court rests on a state law ground that is

21  independent of the federal question and adequate to support the judgment." *Coleman v.*

22  *Thompson,* 501 U.S. 722, 729 (1991).  The provisions of the Anti-Terrorism and Effective

23  Death Penalty Act (AEDPA) govern this case and pose special burdens.  *Chein v. Shumsky,*

24  373 F.3d 978, 983 (9th Cir. 2004) (en banc).  Under AEDPA, when reviewing a state

25  criminal conviction, a federal court may grant a writ of habeas corpus only if a state court

26  proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable

27  application of, clearly established Federal law, as determined by the Supreme Court of the

28
- 7 -

1  United States; or (2) resulted in a decision that was based on an unreasonable determination

2  of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §

3  2254(d).

4        Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme

5  Court precedent "if the state court applies a rule that contradicts the governing law set forth"

6  in Supreme Court cases or "if the state court confronts a set of facts that are materially

7  indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result

8  different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state

9  court decision is an unreasonable application of clearly established federal law if "the state

10 court identifies the correct governing legal principle" from a Supreme Court decision "but

11 unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In

12 considering whether a state court has unreasonably applied Supreme Court precedent, "a

13 federal habeas court may not issue the writ simply because that court concludes in its

14 independent judgment that the relevant state-court decision applied clearly established

15 federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

16 *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we

17 "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19,

18 24 (2002).

19      **ii.**     **Ground 2**

20      In Ground 2, Petitioner contends that the trial court erred in permitting hearsay

21 statements to be admitted at trial in violation of Petitioner's Constitutional right to confront

22 his accusers. When applying the AEDPA and reviewing whether a state court decision is

23 contrary to federal law, this court must look to the state's last reasoned decision as the basis

24 for its judgment. *See Avila v. Galaza*, 297 F.3d 911, 918 & n. 6 (9th Cir. 2002). Thus, this

25 Court must consider whether the Court of Appeals' decision involved an unreasonable

26 application of clearly established federal law or was based on an unreasonable determination

27 of the facts in light of the evidence presented in the State court proceeding.

28

1          Ground 2 centers around the out-of-court statements of "F," who called 911 upon

2 witnessing Petitioner attack the victim and who was later interviewed telephonically by a

3 police officer.  (Answer, Ex. A.)  When called to testify, F claimed he did not remember the

4 event.  (*Id*.)  A tape recording of the 911 call was played during F's testimony, but F

5 maintained he could not remember the incident.  (*Id*.)  After F testified, the police officer

6 testified about the statements F had made during the telephonic interview.  (*Id*.)  Petitioner

7 claims that the trial court violated his right to confront his accusers by "permitting [F's]

8 hearsay statements through Officer Miller." (Doc. 1, p. 2.)

9          The Court of Appeals rejected Petitioner's confrontation claim, citing cases allowing

10 the introduction of a witness' prior statements where the witness feigned lack of recollection

11 or gave prior inconsistent statements.  The Court of Appeals pointed out that, after the police

12 officer's testimony, Petitioner could have called F back to the stand to be cross-examined

13 regarding the telephonic interview, but that he failed to do so. The Court of Appeals

14 concluded that the Petitioner had waived his right to cross-examine and cited cases from the

15 Fifth, Seventh and Tenth Circuits in support.

16          The Court of Appeals decision was neither an unreasonable application of clearly

17 established federal law nor based on an unreasonable determination of the facts in light of

18 the evidence presented.  The Confrontation Clause of the Sixth Amendment gives the

19 accused the right "to be confronted with the witnesses against him."  However, "the

20 Confrontation Clause includes no guarantee that every witness called by the prosecution will

21 refrain from giving testimony that is marred by forgetfulness, confusion, or evasion. To the

22 contrary, the Confrontation Clause is generally satisfied when the defense is given a full and

23 fair opportunity to probe and expose these infirmities through cross-examination, thereby

24 calling to the attention of the factfinder the reasons for giving scant weight to the witness'

25 testimony." *Delaware v. Fensterer*, 474 U.S. 15, 21-22 (1985).  In the present case,

26 Defendant effectively waived his right to cross-examine F when he failed to call F back to

27 the stand; there is nothing in the record to suggest that Defendant was precluded from making

28

such a request.  Moreover, the Confrontation Clause is not implicated by the introduction of an out-of-court identification where, as here, "the hearsay declarant is present at trial and subject to unrestricted cross-examination. In that situation . . . the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements."  *See United States v. Owens*, 484 U.S. 554, 560 (1988). Accordingly, Ground 2 is without merit.

## CONCLUSION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation.  If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-11-47-TUC-CKJ.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 9th day of June, 2011.

Jennifer C. Guerin
United States Magistrate Judge

- 10 -